IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-163-FL-1
NO. 5:22-CV-292-FL

| | |
|---|---|
| LADARRIUS LEE JENKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 103) and respondent's motion to dismiss (DE 108). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II entered memorandum and recommendation ("M&R") (DE 120), wherein it is recommended that the court dismiss petitioner's motion and grant respondent's motion.[1] Thereafter, petitioner objected to the M&R. (DE 123). In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's § 2255 motion, and grants respondent's motion.

### BACKGROUND

Petitioner pleaded guilty January 14, 2020, to one count of possession with intent to distribute 280 grams or more of cocaine base (crack) and a quantity of heroin, and aiding and

---

[1] Petitioner's first filed § 2255 motion (DE 100) did not comply with the Rules Governing § 2255 Proceedings. The court ordered petitioner to submit a revised § 2255 motion using the proper forms. (DE 102). Where petitioner filed a revised § 2255 motion (DE 103), the court adopts the magistrate's recommendation (DE 121) that the court dismiss petitioner's original § 2255 motion (DE 100) as moot. See BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 474 (4th Cir. 2018) ("[A]n amended pleading generally supersedes the original, rending the original of no legal effect.").

abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. The court sentenced petitioner December 21, 2021, to a term of 200 months imprisonment with five years of supervised release. Petitioner did not appeal.

On August 15, 2022, petitioner filed the instant motion to vacate. Petitioner asserts that his counsel was ineffective in 1) failing to argue that 21 U.S.C. § 841(a) is unconstitutionally vague in violation of the Fifth Amendment to the United States Constitution, and 2) failing to argue that petitioner is not a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines (the "Guidelines") because petitioner's convictions under Fla. Stat. § 893.13 and 21 U.S.C. § 841(a) are not "controlled substance offenses" under § 4B1.2 of the Guidelines.

Respondent filed the instant motion to dismiss October 28, 2022, arguing that petitioner's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 6, 2022, petitioner responded in opposition to the motion to dismiss. In the M&R entered August 23, 2023, the magistrate judge recommended dismissal of the § 2255 motion on the basis that petitioner did not demonstrate ineffective assistance of counsel. Petitioner thereafter filed objections to the M&R.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident

Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition. The magistrate judge correctly determined that petitioner's ineffective assistance of counsel claims lacked merit in light of the record and the circumstances of this case. See Strickland v. Washington, 466 U.S. 668, 678–88 (1984). Upon review of the claims asserted and the record in this case, the court adopts the findings and recommendation in the M&R. The court writes separately to address petitioner's assertion of errors in the analysis of the M&R.

To state a claim for ineffective assistance of counsel a petitioner must show 1) "that counsel's representation fell below an objective standard of reasonableness"; and 2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

3

would have been different." Strickland, 466 U.S. at 688, 694. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

1. Vagueness Challenge

Petitioner objects to the finding that his counsel was not ineffective for failing to challenge the constitutionality of 21 U.S.C. § 841(a). Petitioner argues that § 841(a) is unconstitutionally vague because "because a conviction under § 841(a) contains no penalty provision when considering the offense elements alone." (DE 123 at 5). Petitioner asserts counsel should have argued that § 841(a) fails to meet the statutory definition of a felony and, thus, petitioner's conviction under § 841(a) cannot support his career offender classification under the Guidelines.[2]

When making a Fifth Amendment challenge, "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." United States v. Sun, 278 F.3d 302, 309 (4th Cir. 2002).[3] Section 841(a) is titled "[u]nlawful acts" and prohibits "possess[ion] with intent to manufacture, distribute, or dispense, a controlled substance" while subsection (b) sets forth the penalties for violating subsection (a) according to the quantity of the prohibited controlled substance. 21 U.S.C. §§ 841(a), 841(b). "These specific threshold drug quantities [are] sentencing factors rather than elements of aggravated drug trafficking offenses." United States v. McAllister, 272 F.3d 228, 231 (4th Cir. 2001).

---

[2] Under the Guidelines, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

[3] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

4

Here, the magistrate judge correctly determined that petitioner's § 841(a)(1) conviction was a felony offense and that petitioner's vagueness challenge lacks merit. Petitioner pleaded guilty to the indictment charging him with one count of possession with intent to distribute 280 grams or more of cocaine base (crack) and a quantity of heroin, and aiding and abetting. Petitioner's crime triggered a ten-year mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(A)(iii). Thus, petitioner's conviction under § 841(a)(1) satisfies the statutory definition of a felony for that conviction. See 18 U.S.C. § 3559(a)(5) (classifying a crime as a felony "if the maximum term of imprisonment authorized" is more than one year). Further, the United States Court of Appeals for the Fourth Circuit has squarely foreclosed petitioner's void-for-vagueness challenge. See McAllister, 272 F.3d at 232 ("§ 841 is not facially unconstitutional.").

Because petitioner's vagueness challenge lacks legal merit, petitioner cannot demonstrate that his counsel "fell below an objective standard of reasonableness" in failing to argue that 21 U.S.C. § 841(a) is unconstitutional. Strickland, 466 U.S. at 688; see also United States v. Wilkes, 20 F.3d 651, 654 (5th Cir. 1994) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

2. "Controlled Substance Offense" Challenges

A defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense" to qualify for the career offender enhancement. U.S.S.G. § 4B1.1(a). A "controlled substance offense means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

5

### i. Section 841(a) Aiding and Abetting Conviction

Petitioner objects to the determination that counsel was not ineffective for failing to argue that petitioner's § 841(a) conviction under a theory of aiding and abetting was an inchoate offense and therefore not a "controlled substance offense" under § 4B1.2 of the Guidelines.[4] In support of his argument, petitioner cites to United States v. Campbell, in which the Fourth Circuit held that the appellant's conviction for delivery of crack cocaine under a West Virginia state statute that criminalized attempt offenses could not constitute a "controlled substance offense" for the career offender enhancement. See 22 F.4th 438, 449 (4th Cir. 2022). Petitioner argues that "[t]he Fourth Circuit has reached the . . . conclusion that [i]nchoate offenses such as [a]iding and [a]betting fall outside the definition of section 4B1.2(b)." (DE 123 at 3).

Petitioner is incorrect as a matter of law. While briefing for this proceeding was ongoing, the Fourth Circuit decided United States v. Groves, 65 F.4th 166 (4th Cir. 2023).[5] There, the Fourth Circuit addressed whether a conviction prosecuted under a theory of aiding and abetting in violation of 21 U.S.C. § 841(a)(1) qualifies as a "controlled substance offense" under the Guidelines. Groves distinguished Campbell and held "an offense prosecuted on an aiding and

---

[4]    Petitioner's § 2255 motion to vacate also asserts that counsel provided ineffective assistance by failing to argue that his § 841(a) conviction, aside from the aiding and abetting issue, was not a "controlled substance offense" under § 4B1.2(b) of the Guidelines due to the lack of a mens rea requirement under § 841(a). (See DE 103 at 8 ("[V]iolations of § 841(b) [sic] . . . are broader than the offenses enumerated in § 4B1.2(b), due to the lack of mens rea and are not controlled substance offenses.")). Where petitioner does not raise specific objections regarding that claim of ineffective assistance of counsel, the court reviews the magistrate judge's treatment of such claims for clear error. Finding none, the court adopts the recommendation of the magistrate judge concerning such claim.

However, assuming petitioner objected to that finding, petitioner's claim would fail as a matter of law. The Fourth Circuit has repeatedly rejected such categorical challenges to § 841(a) as a predicate offense conviction under the Guidelines' definition of "controlled substance offense" in § 4B1.2(b). See, e.g., United States v. Groves, 65 F.4th 166, 174 (4th Cir. 2023) ("[W]e rule that a § 841(a)(1) distribution offense is not categorically disqualified from being treated as a controlled substance offense under Guidelines section 4B1.2(b).").

[5]    The magistrate judge issued an order allowing the parties the opportunity to explain the impact of Groves on petitioner's § 2255 motion. (DE 115). Respondent filed a memorandum addressing the court's order (DE 117), and petitioner did the same (DE 119) although petitioner did not specifically address Groves itself.

6

abetting theory can qualify as a controlled substance offense under Guidelines section 4B1.2(b), in that it is the same as the underlying substantive offense." Id. at 171. "Unlike the inclusion of attempt offenses addressed in Campbell, the inclusion of aiding and abetting in Application Note 1 [of the Guidelines] was not an effort to improperly expand Guidelines section 4B1.2(b)'s definition of a controlled substance offense." Id. Thus, petitioner's § 841(a)(1) conviction under a theory of aiding and abetting properly constituted a "controlled substance offense" under 4B1.2(b) and counsel's failure to raise the argument was within "the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

### ii. Florida State Convictions

Petitioner next objects to the magistrate's finding that his counsel did not provide ineffective assistance when counsel failed to argue that petitioner's convictions, under Fla. Stat. § 893.13,[6] for separate offenses of possession of cannabis with intent to sell or deliver (DE 68 at ¶¶ 20–21) did not qualify as "controlled substance offenses" under § 4B1.2.

To determine whether asserted predicate convictions "count as controlled substance offenses that trigger the career-offender enhancement[,]" courts in this Circuit apply "the so-called categorical approach." United States v. Ward, 972 F.3d 364, 368 (4th Cir. 2020); see also Shular v. United States, 140 S.Ct. 779, 783 (2020) ("[O]ther statutes calling for a categorical approach ask the court to determine not whether the prior conviction was for a certain offense, but whether the conviction meets some other criterion."); see also Donawa v. U.S. Att'y Gen., 735 F.3d 1275, 1282 (11th Cir. 2013) (refusing to apply the modified categorical approach to Fla. Stat. § 893.13(1)(a)(2)). "The categorical approach focuses on the elements of the prior offense rather

---

[6] While the PSR does not state the relevant Florida statute under which petitioner was twice previously convicted (see DE 68 at ¶¶ 20–21), the United States Probation Office confirms that petitioner's Florida convictions were under Fla. Stat. § 893.13(1)(a)(2). (See DE 109 at 9 n.2). Petitioner also alleges that he was convicted under Fla. Stat. § 893.13. (See DE 103-1 at 8).

than the conduct underlying the conviction." United States v. Cabrera-Umanzor, 728 F.3d 347, 350 (4th Cir. 2013). "We then compare the elements of the prior offense with the criteria that the Guidelines use to define a controlled substance offense." Ward, 972 F.3d at 368. The predicate "'offense under federal or state law' must satisfy two criteria: (1) the offense must be 'punishable by imprisonment for a term exceeding one year' and (2) the federal or state law must (a) prohibit the manufacture, import, export, distribution, or dispensing of a controlled substance, or (b) prohibit the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense." Id. at 370 (quoting U.S.S.G. § 4B1.2(b)). "If the least culpable conduct criminalized by the predicate offense statute does not qualify as a controlled substance offense, the prior conviction cannot support a career offender enhancement." Campbell, 22 F.4th at 441.

"To determine whether the offense has a maximum sentence of more than one year, we look to possible penalties for that offense as provided by the relevant federal or state law of conviction." Ward, 972 F.3d at 370. Violations of Fla. Stat. § 893.13(1)(a) carry penalties up to five years in prison, see Fla. Stat. § 775.082(3)(e), and thus satisfies the first criterion of § 4B1.2(b).

"The second criterion addresses certain prohibited acts, like the distribution of a controlled substance." Ward, 972 F.3d at 370. Fla. Stat. § 893.13(1)(a) makes it a crime to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Shular, 140 S.Ct. at 784 (quoting Fla. Stat. § 893.13(1)(a)). Although Fla. Stat § 893.13(1)(a) "uses the term[] sell . . . where § 4B1.2(b) does not, [sell] fall[s] within the plain meaning of distribution or dispensing in § 4B1.2(b)." Ward, 972 F.3d at 371. Further, although Fla. Stat. § 893.13(1)(a) excludes the terms "import" and "export," "an offense that prohibits a narrower set of actions categorically qualifies" under § 4B1.2(b). Id.

8

Fla. Stat. § 893.13(1)(a) also proscribes the delivery of or possession with intent to deliver a controlled substance. In Campbell, the Fourth Circuit addressed whether the defendant's prior state conviction for delivery of crack cocaine in violation of W. Va. Code §§ 60A-1-101(h), 60A-4-401(a) could constitute a "controlled substance offense" under § 4B1.2(b). See 22 F.4th at 441. The relevant West Virginia statute makes it "unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance." W. Va. Code § 60A-4-401(a). West Virginia defines "deliver" as "the actual, constructive, or attempted transfer from one person to another of controlled substances or imitation or counterfeit controlled substances." Campbell, 22 F.4th at 442 (quoting W. Va. Code § 60A-1-101(h)). Therefore, the court in Campbell reasoned that "the least culpable conduct criminalized by the West Virginia statute is an attempt to deliver a controlled substance." Campbell, 22 F.4th at 442. In conclusion, the court held that the defendant's predicate conviction could not support the career offender enhancement under § 4B1.1(a) because "an attempt offense, and so the West Virginia conviction at issue here, is not a controlled substance offense." Id. at 440–41, 444.

However, in Groves, the court distinguished Campbell and held that 21 U.S.C. § 841(a), while materially similar in language to that of W. Va. Code § 60A-4-401(a), could properly constitute a "controlled substance offense." See 65 F.4th 166, 173 ("[A]n attempted transfer is not an attempted delivery under § 841(a)(1), and . . . § 841(a)(1) therefore does not criminalize the attempt offense of attempted delivery."). In United States v. Miller, the Fourth Circuit similarly decided whether the defendant's prior conviction under N.C. Gen. Stat. § 90-95(a)(1) could support a "controlled substance offense" under § 4B1.2(b). See 75 F.4th 215 (4th Cir. 2023). The court again recognized the similarities between N.C. Gen. Stat. § 90-95(a)(1) and W. Va. Code § 60A-4-401(a). Compare N.C. Gen. Stat. § 90-95(a)(1) (making it unlawful for a person to "sell or

9

deliver . . . a controlled substance", with W. Va. Code § 60A-4-401(a) (making it unlawful for a person to "manufacture or deliver . . . a controlled substance").[7] Nevertheless, in Miller, the Fourth Circuit adopted the rationale of Groves and held that the defendant's prior conviction under N.C. Gen. Stat. § 90-95(a)(1) properly constituted a "controlled substance offense" under § 4B1.2(b) of the Guidelines. See Miller, 75 F.4th at 230–31. In United States v. Davis, the Fourth Circuit addressed whether the defendant's prior South Carolina drug distribution convictions under South Carolina Code section 44-53-375(B) qualified as "controlled substance offenses." See 75 F.4th 428, 441 (4th Cir. 2023). There, again, the court distinguished Campbell and concluded that "a section 44-53-375(B) distribution offense is not categorically disqualified from being treated as a Guidelines controlled substance offense." Id. at 445.

The Fourth Circuit's decisions in Groves, Miller, and Davis rejected defendants' efforts to equate an "attempted transfer" to "an attempted distribution" under the predicate statute of conviction. See, e.g., Groves, 65 F.4th at 174 ("Put simply, we conclude that § 841(a)(1) does not criminalize the attempt offense of attempted delivery."); see also Davis, 75 F.4th at 444 ("Thus, just as the attempted transfer of drugs constitutes a completed distribution under federal law, the attempted transfer of drugs is a completed distribution under South Carolina law."). Underpinning the decisions in Groves, Miller, and Davis was the relevant statutory scheme. Unlike West Virginia's statutory scheme in Campbell, federal law, North Carolina law, and South Carolina law criminalize attempt offenses apart from completed drug distribution offenses. See Groves, 65 F.4th at 173 ("[T]he West Virginia scheme – at least as it was presented in Campbell – does not criminalize attempt offenses separately from completed drug distribution offenses. That renders

---

[7] North Carolina also defines "deliver" almost exactly as West Virginia does. Compare N.C. Gen. Stat. § 90-87(7) (defining "deliver" as "the actual[,] constructive, or attempted transfer from one person to another of a controlled substance"), with W. Va. Code § 60A-1-101(h) (defining "deliver" as "the actual, constructive, or attempted transfer from one person to another of . . . [a] controlled substance").

the West Virginia scheme materially different from the federal scheme, wherein completed drug distribution offenses are defined in § 841(a)(1) and attempt offenses in 21 U.S.C. § 846."); see Miller, 75 F.4th at 230 ("Also like the federal statutory scheme at issue in Groves, North Carolina separately criminalizes attempt offenses from drug offenses."); see Davis, 75 F.4th at 444–45 ("[C]riminaliz[ing] attempt offenses separately from completed drug distribution offenses . . . ultimately renders the West Virginia scheme materially distinguishable from the South Carolina statutory scheme at issue here, wherein completed drug distribution offenses are defined separately from attempt offenses.").

Thus, the critical inquiry here is whether Florida's statutory scheme more clearly resembles that under federal law, North Carolina, and South Carolina law, or that under West Virginia law as presented in Campbell. The conduct proscribed in Fla. Stat. § 893.13(1)(a) parallels that proscribed by W. Va. Code § 60A-4-401(a) and both states define "deliver" or "delivery" nearly identically. Compare Fla. Stat. § 893.02(6) (defining "deliver or delivery . . . [as] the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship"), with W. Va. Code § 60A-1-101(h) (defining "deliver" or "delivery" as "the actual, constructive, or attempted transfer from one person to another of . . . [a] controlled substance"). But like the federal government, North Carolina, and South Carolina, Florida criminalizes attempt offenses separate from Fla. Stat. § 893.13(1)(a). See Fla. Stat. § 777.04(1) ("A person who attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt."); see also Milazzo v. State, 377 So. 2d 1161, 1163 (Fla. 1979); see also Fla. Dep't of Corr. v. Gould, 344 So. 3d 496, 509 (Fla. 1st DCA 2022) ("Under [§ 777.04], punishment is authorized for that criminal intent as

11

a separate offense, even if the intent did not result in a completed substantive offense.") (emphasis added).[8]

Thus, because a Florida defendant who attempts to transfer drugs commits the completed drug distribution conduct proscribed under Fla. Stat. § 893.13(1)(a), the "least culpable conduct" criminalized by § 893.13(1)(a) satisfies the second criterion of § 4B1.2(b) and § 893.13(1)(a) can support a career offender enhancement under § 4B1.1(a) of the Guidelines. Petitioner's ineffective assistance counsel of claim under this theory must therefore fail.[9]

Petitioner further objects that his convictions under Fla. Stat. § 893.13(1)(a)(2) cannot serve as a predicate "controlled substance offense" for his career offender designation under the Guidelines because § 893.13(1)(a)(2) contains no mens rea requirement whereas the "controlled substance offense" definition in § 4B1.2(b) does. (See DE 123 at 7 ("Petitioner's two state priors were with without mens rea to the illicit nature of a controlled substance offense.")). Under § 893.13(1)(a), "knowledge of the illicit nature of a controlled substance is not an element." Fla. Stat. § 893.101. The Fourth Circuit has not had occasion to address this argument, but the Eleventh Circuit has squarely rejected it. See United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) (concluding that the definition of "controlled substance offense" under § 4B1.2(b) does not "require[] that a predicate state offense include[] an element of mens rea with respect to the illicit

---

[8]    While not binding on this court, the United States Court of Appeals for the Eleventh Circuit, which has appellate jurisdiction over federal courts in Florida, has also held that an "attempted transfer" is a completed distribution and not an attempted distribution under § 893.13(1)(a). See United States v. Penn, 63 F.4th 1305, 1317 (11th Cir. 2023) ("Just as the attempted transfer of drugs constitutes a completed distribution offense under federal law, the attempted transfer of drugs forms part of the completed sale-of-drugs offense under Florida law.").

[9]    Even assuming the analysis in Campbell did control, the outcome would not change. Campbell was decided in January 2022, after petitioner plead guilty in January 2020 and was sentenced in December 2021. While the law "demand[s] that [defense attorneys] . . . apprise themselves of the applicable law and provide their clients with a reasonably accurate description of it," it does not require or "expect criminal defense lawyers to be seers[.]" Ostrander v. Green, 46 F.3d 347, 355 (4th Cir. 1995), overruled on other grounds by O'Dell v. Netherland, 95 F.3d 1214 (4th Cir. 1996).

12

nature of the controlled substance."); see also United States v. Pridgeon, 853 F.3d 1192, 1198 (11th Cir. 2017) (same); see also United States v. Campbell, 816 F. App'x 384, 386 (11th Cir. 2020). Therefore, petitioner cannot state a claim that counsel was ineffective in failing to argue that petitioner's two prior convictions under § 893.13(1)(a) could not constitute a "controlled substance offense" for lack of a mens rea element.

Petitioner also objects that his convictions under Fla. Stat. § 893.13(1)(a)(2) cannot serve as a predicate "controlled substance offense" because at the time of petitioner's prior convictions, Fla. Stat. § 893.13(1)(a)(2) included a broader definition of marijuana than that proscribed by a "controlled substance offense" under § 4B1.2 of the Guidelines. (See DE 123 at 5–6 ("Petitioner's two state priors were too broad to be considered and accepted for career offender predicates . . . because cannabis under [§] 893.13 of the Florida state statute is too broad to include hemp."). "[T]he ordinary meaning of the object of the prohibited actions, controlled substance, is any type of drug whose manufacture, possession, and use is regulated by law." Ward, 972 F.3d at 371. In Ward, the Fourth Circuit rejected the defendant's argument "that a prior state offense qualifies as a controlled substance offense only where the state offense defines controlled substance just as federal law does in the Controlled Substances Act, 21 U.S.C. § 802(6)." See id. at 372. Instead, "[w]here a defendant is convicted under a state statute, we look to see how the state law defining that offense defines the punishment and the prohibited conduct (e.g,, distribution of a controlled substance)." Id. "[W]e know the [Sentencing] Commission understood how to cross-reference other federal provisions and definitions[,] . . . [b]ut § 4B1.2 refers neither to the federal definition of a controlled substance nor to the federal drug schedules." Id. at 373.

Here, Florida defines "controlled substance" as "any substance named or described in Schedules I-V of § 893.03." Fla. Stat. § 893.02(4). Cannabis, the "controlled substance" at issue

13

in petitioner's underlying Florida convictions, is a Schedule I controlled substance under Florida law. See Fla. Stat. § 893.03(1)(c)(7). Florida "has not restricted itself to regulating only those substances listed on the federal drug schedules . . . [and] has its own drug schedules." Ward, 972 F.3d at 371. Thus, a conviction under Fla. Stat. § 893.13(1)(a) "categorically satisfies the second criterion of § 4B1.2(b) . . . [a]nd since both criteria are met, a conviction under [§ 893.13(1)(a)] is a controlled substance offense under § 4B1.2(b)." Ultimately, petitioner's objection to the determination that counsel was not ineffective for failing to argue that petitioner's Florida predicates were not "controlled substance offenses" under § 4B1.2(b) of the Guidelines lacks merit.

In sum, for these reasons and the reasons set forth in the M&R, petitioner's claims fail as a matter of law and must be dismissed.

C.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 120). Petitioner's motion to vacate, set aside, or correct sentence (DE 103) is DENIED, and respondent's motion to dismiss (DE 108) is GRANTED. Petitioner's original motion to vacate, set aside, or correct sentence (DE 100) is DISMISSED AS MOOT. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of December, 2023.

LOUISE W. FLANAGAN
United States District Judge